UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Norman Jolliemore,<br>   Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill,<br>Acting Commissioner of Social Security<br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 17-12533-LTS |

MEMORANDUM AND ORDER

October 29, 2018

SOROKIN, J.

  Norman Jolliemore seeks judicial review of a final decision by the Acting Commissioner of the Social Security Administration ("Commissioner") denying his request for Social Security Disability Insurance Benefits ("DIB") and partially denying his application for Supplemental Security Income ("SSI"). The Commissioner adopted the ALJ's ruling that Mr. Jolliemore was not disabled prior to November 16, 2014, but became disabled on that date. Mr. Jolliemore argues that the ALJ erred by mechanically applying the age categories defined by the Social Security regulations when considering Mr. Jolliemore's age as a vocational factor. The Commissioner seeks an order reaffirming the decision. For the reasons set forth below, this Court ALLOWS Mr. Jolliemore's motion for judgment of reversal and DENIES the Commissioner's motion for judgment of affirmance.

I.   **PROCEDURAL BACKGROUND**

On August 6, 2012, Mr. Jolliemore applied for DIB and SSI alleging disability since January 1, 2010. A.R. at 201.[1] The applications were denied initially and on reconsideration. A.R. at 136, 175. Mr. Jolliemore then filed a timely request for a hearing before an ALJ, which was held on December 12, 2014. A.R. at 201, 236. On January 15, 2015, the ALJ issued a decision finding that Mr. Jolliemore was not disabled through June 30, 2014, his date last insured. A.R. at 216. The ALJ further ruled that Mr. Jolliemore became disabled on November 16, 2014, the date of his fifty-fifth birthday, and has remained disabled. A.R. at 215-16. As a result, the ALJ denied Mr. Jolliemore's request for DIB and partially denied his request for SSI. A.R. at 217.

Mr. Jolliemore sought review of the ALJ's decision by the Appeals Council ("AC"). A.R. at 225. The AC affirmed the ALJ's finding that Mr. Jolliemore was disabled beginning on November 16, 2014, but vacated the decision and remanded with respect to the issue of disability before that date. A.R. at 35-36. On October 5, 2016, Mr. Jolliemore appeared with counsel and testified at a second hearing. A.R. at 20. Pursuant to the AC's order, the ALJ also heard the testimony of an impartial vocational expert with respect to additional physical limitations affecting Mr. Jolliemore's residual functional capacity. A.R. at 36. The ALJ then issued a decision re-affirming the earlier finding that Mr. Jolliemore was not disabled prior to November 16, 2014. A.R. at 37. The AC denied review and adopted the ALJ's decision as final on October 18, 2017. A.R. at 1.

---

[1] All citations to "A.R." refer to the administrative record, which appears on the docket for this matter as Document 12. The page numbers were assigned by the agency and appear in the lower right-hand corner of each page.

## II. STANDARD OF REVIEW

The court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's inquiry, however, is limited to whether the ALJ "deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999). The Commissioner's findings of fact are "conclusive when supported by substantial evidence" unless they are "derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Id. The substantial evidence standard is satisfied when "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). If this standard is met, the court must affirm the agency's decision "even if the record arguably could justify a different conclusion." Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987).

It is the role of the ALJ, not the role of the court, to "decide issues of credibility, draw inferences from the record, and resolve conflicts in the evidence." Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991). Thus, the ALJ is responsible for determining the "ultimate question of disability." Richardson v. Perales, 402 U.S. 389, 399 (1971).

## III. DISCUSSION

### A. ALJ's Findings

An individual is entitled to DIB if he is "disabled" within the meaning of the Social Security Act ("Act") prior to the expiration of his insured status.[2] 42 U.S.C. § 423(a). The Act

---

[2] By contrast, SSI eligibility does not depend on the claimant's insured status. To obtain SSI, a claimant need only show that he is (1) either "aged, blind, or disabled," and (2) "eligible on the basis of income." 42 U.S.C. § 1381.

defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." § 423(d)(1)(A).

In determining whether an individual is disabled, the Social Security Administration applies a sequential five-step evaluative process: (1) if the claimant is engaged in substantial gainful activity, he is not disabled; (2) if the claimant does not have a severe mental or physical impairment or combination of impairments, he is not disabled; (3) if the claimant has a severe impairment or combination of impairments that meets or equals one of the conditions listed in the Social Security regulations, he is disabled; (4) if the claimant's "residual functional capacity" is such that the claimant is able to perform "past relevant work," he is not disabled; and (5) if the claimant, given his age, education, work experience, and residual functional capacity, is unable to perform other work, he is disabled. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of establishing disability in steps one through four. Goodermote v. Sec'y of Health & Human Servs., 690 F.2d 5, 7 (1st Cir. 1982). At step five, the burden shifts to the Commissioner to prove that the claimant can perform other work existing in significant numbers in the national economy. Id.

To establish whether the claimant can perform other work, the ALJ may apply a series of rules contained in the Medical-Vocational Guidelines identifying the existence of jobs requiring specific combinations of factors. See Heckler v. Campbell, 461 U.S. 458, 461 (1983) (upholding the statutory validity of the guidelines pursuant to the Social Security Act). If the claimant's residual functional capacity and vocational factors correspond to a particular rule, the ALJ may

rely on that rule in concluding that the claimant is disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.00.

In this case, the ALJ applied the five-step framework to decide whether Mr. Jolliemore was disabled. At step one, the ALJ found that Mr. Jolliemore met the insured status requirement of the Social Security Act through June 30, 2014 and had not engaged in substantial gainful activity since the alleged onset date. A.R. at 22. The ALJ determined at step two that Mr. Jolliemore had the following severe impairments: (1) right shoulder muscle tear with a partial joint dislocation and moderate muscle strain; (2) status post right shoulder surgery; (3) arthritis of the right thumb; (4) degenerative disc disease of the lumbar and cervical spine; (5) major depressive disorder; (6) posttraumatic stress disorder; and (7) anxiety disorder. A.R. at 22. At step three, the ALJ held that these impairments did not meet or equal the listings described in Appendix 1 of the regulations. See 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ concluded at step four that Mr. Jolliemore's residual functional capacity for light work prevented him from performing his past relevant work. A.R. at 25. Mr. Jolliemore does not challenge the ALJ's findings at steps one through four, but instead argues that the ALJ erred in weighing his age as a vocational factor at step five.

At the fifth step of the analytical framework, the ALJ found that Mr. Jolliemore had completed high school, could communicate in English, and lacked transferable work skills. A.R. at 35. Pursuant to the vocational expert's testimony, the ALJ noted that Mr. Jolliemore's residual functional capacity for light work was "impeded by additional limitations." A.R. at 36. With respect to Mr. Jolliemore's age, the ALJ acknowledged that Mr. Jolliemore was an individual "closely approaching advanced age" prior to the disability onset date. A.R. at 35. As a result, the

5

ALJ concluded that Mr. Jolliemore was not disabled prior to November 16, 2014 "under the framework of [Medical-Vocational Rule 202.14]." A.R. at 36.

However, the ALJ also indicated that Mr. Jolliemore transitioned to the "advanced age" category on November 16, 2014, his fifty-fifth birthday. A.R. at 35. Thus, Mr. Jolliemore became disabled beginning on that date by "direct application of Medical-Vocational Rule 202.06." A.R. at 36. Since Mr. Jolliemore's date last insured was on June 30, 2014, the ALJ denied Mr. Jolliemore's application for DIB and granted Mr. Jolliemore's request for SSI only for the period following November 16, 2014.

### B. <u>Borderline Age Issue</u>

Mr. Jolliemore argues that the ALJ violated the applicable regulations by mechanically applying the listed age categories and by failing to consider that Mr. Jolliemore transitioned to an older age category – one which triggered a finding of disability – less than five months after his date last insured. Doc. No. 13 at 1.

In evaluating a claimant's age, the ALJ will apply the claimant's "chronological age." 20 C.F.R. § 404.1563(a). The applicable regulations classify claimants into one of three age categories: a younger person (under the age of 50); a person closely approaching advanced age (between the ages of 50 and 54); and a person of advanced age (at least 55 years old). § 404.1563(b)-(e). If the claimant is a person of "advanced age," the guidelines "consider that … age significantly affects a person's ability to adjust to other work." § 404.1563(e).

The regulations make clear that the ALJ cannot "apply the age categories mechanically in a borderline situation." § 404.1563(b). If the claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled," the ALJ must "consider whether to use the older age

6

category after evaluating the overall impact of all the factors of [the claimant's] case." Id. In a borderline situation, the ALJ has discretion to determine whether the higher age category should apply. Gallagher v. Astrue, No. 08-CV-163-PB, 2009 WL 929923, at *6 (D.N.H. Apr. 3, 2009). For the purposes of obtaining DIB, the ALJ will measure a claimant's borderline age from the date last insured. Id.; Bowden v. Colvin, No. 13-CV-201-GZS, 2014 WL 1664961, at *5 (D. Me. Mar. 15, 2017). The ALJ will use the date of the decision to measure the claimant's borderline age for SSI eligibility. Swan v. Barnhart, No. 03-130-B-W, 2004 WL 1529270, at *9 (D. Me. Apr. 7, 2009).

As a threshold concern, this Court must first determine whether Mr. Jolliemore was "within a few days to a few months" of reaching the "advanced age" category such that the borderline rule applies to his case. 20 C.F.R. § 404.1563(b). Mr. Jolliemore was born on November 16, 1959. A.R. at 85. His date last insured was on June 30, 2014. A.R. at 21. The ALJ issued the decision on November 10, 2016. A.R. at 37. As such, Mr. Jolliemore turned fifty-five nearly two years prior to the ALJ's decision and four months and 17 days after his date last insured.

The First Circuit has not drawn a clear line as to when a claimant's age is considered borderline, and courts have varied in their application of the rule. Gallagher, 2009 WL 929923, at *6. However, there is general agreement that "the borderline range falls somewhere around six months from the older age category."[3] See e.g., Bowden, 2014 WL 1664961, at *5 (one month

---

[3] The parties have not identified, and the Court has not found, any case where a claimant less than five months from reaching the higher age category did not qualify as borderline. See e.g., Szczesny v. Colvin, No. 13-CV-12999-PBS, 2015 WL 13649813, at *6 (D. Mass. Feb. 11, 2015) (one year and seven months was not borderline); Veach v. Comm'r, Soc. Sec. Admin., No. 13–CV–76–DBH, 2014 WL 35362, at *6 (D. Me. Jan. 6, 2014) (6 months and 6 days was not borderline); Swan, 2004 WL 1529270, at *9 (eight months was not borderline); Pickard v. Comm'r of Soc. Sec., 224 F. Supp. 2d 1161, 1168 (W.D. Tenn. 2002) (four months and one day

7

deemed borderline); Gallagher, 2009 WL 929923, at *6 (five months deemed borderline); Justice v. Astrue, 589 F. Supp. 2d 110, 111 (D. Mass. 2008) (four months deemed borderline). Accordingly, this Court finds that a period of four months and 17 days falls within the borderline range, and the regulations vesting ALJs with discretion to consider the higher age category applied to Mr. Jolliemore.

This leaves the question of whether application of the "advanced age" category in Mr. Jolliemore's case would have resulted in a finding that he was disabled prior to his date last insured. 20 C.F.R. § 404.1563(b). If a claimant of advanced age has completed high school, lacks transferable skills, and has a residual functional capacity for light work, the Medical-Vocational Rules direct a conclusion of disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.00(c); Gallagher, 2009 WL 929923, at *6. Indeed, the ALJ found that Mr. Jolliemore became disabled beginning on his fifty-fifth birthday pursuant to Medical-Vocational Rule 202.06.[4] A.R. at 36. It therefore appears beyond reasonable dispute that application of the advanced age category would have produced a finding that Mr. Jolliemore was disabled prior to the date last insured.

---

deemed borderline); Barrett v. Apfel, 40 F. Supp. 2d 31, 38 (D. Mass. 1999) (nine months was not borderline); Leyba v. Chater, 983 F. Supp. 1048, 1051 (D.N.M. 1996) (three and a half months deemed borderline); Lambert v. Chater, 96 F.3d 469, 470 (10th Cir. 1996) (seven months not borderline); Davis v. Shalala, 883 F. Supp. 828, 838 (E.D.N.Y. 1995) (three months deemed borderline); Hill v. Sullivan, 769 F. Supp. 467, 471 (W.D.N.Y. 1991) (three months and two days deemed borderline).

[4] The ALJ found at step four that Mr. Jolliemore's residual functional capacity for light work was "impeded by additional limitations." A.R. at 36. Based on the vocational expert's testimony, the ALJ concluded that he was not disabled "under the framework" of Rule 202.14. See Bowden, 2014 WL 1664961, at *6 (affirming the denial of benefits where the ALJ used the Medical-Vocational Rules as a "framework for decision making" and application of the higher age category would not have produced a finding of disabled). However, the ALJ's conclusion that Mr. Jolliemore became disabled on November 16, 2014 "by direct application" of Medical-Vocational Rule 202.06 demonstrates that he relied on the rules as conclusive in this case. Moreover, application of the advanced age category would have produced a finding of disabled regardless of Mr. Jolliemore's additional physical limitations.

In these circumstances, the ALJ was required to "consider whether to use the older age category after evaluating the overall impact of all the factors" in the case. 20 C.F.R. § 404.1563(b). His failure to do so was error. The Commissioner argues that the ALJ was not required to explain his use of Mr. Jolliemore's chronological age. Doc. No. 20 at 9. The First Circuit, however, has not addressed the extent to which an ALJ must discuss a claimant's borderline status in rendering a disability determination. Gallagher, 2009 WL 929923, at *7. Furthermore, district and circuit courts remain conflicted as to whether an ALJ must provide a reasoned explanation in such cases. See e.g., Bowie v. Comm'r of Soc. Sec., 539 F.3d 395, 401 (6th Cir. 2008) (finding that ALJs are not procedurally required to explain age categorization in every borderline case); Daniels v. Apfel, 154 F.3d 1129, 1136 (10th Cir. 1998) (holding that the ALJ must make a factual finding supported by substantial evidence as to which age category should apply); Troncoso v. Astrue, No. 11–10726–RGS, 2012 WL 441753, at *7 (D. Mass. Feb. 9, 2012) (stating that "an ALJ is not required to explain his use of a claimant's chronological age"); Gallagher, 2009 WL 929923, at *7 (finding that an ALJ "need not explain his determination," but "must provide some indication that he at least considered the borderline age"); Crawford v. Barnhart, 556 F. Supp. 2d 49, 55 (D.D.C. 2008) (holding that the ALJ erred by failing to "explicitly analyze" the claimant's borderline age); Pickard, 224 F. Supp. 2d at 1169 (finding that the ALJ's failure to explain his choice of age category impaired judicial review of the decision).

However, another session of this Court has noted "extensive precedent requiring [administrative law judges] to discuss whether a potential borderline case falls within that category." Justice, 589 F. Supp. 2d at 111 (quoting Bowie, 539 F.3d at 403) (Moore, J., dissenting). In a borderline situation, this requirement is necessary for meaningful judicial review

9

of the ALJ's decision as to which age category is appropriate under the circumstances. Justice, 589 F. Supp. 2d at 111; Pacy v. Colvin, No. 15-11894-LTS, 2016 WL 1948834, at *5 (D. Mass. May 3, 2016); Veach, 2014 WL 35362, at *6. This approach is also consistent with the Commissioner's most recent official guidance directing ALJs to "explain in the decision that he or she considered the borderline age situation, state whether he or she applied the higher age category or the chronological age, and note the specific factor(s) he or she considered." Soc. Sec. Admin., Office of Hearings and Appeals, *Hearings, Appeals and Litigation Law Manual* (HALLEX) I-2-2-42 (2016).[4]

In this case, the ALJ's decision did not address the impact of Mr. Jolliemore's borderline situation.[5] The ALJ stated only that Mr. Jolliemore "was an individual closely approaching advanced age" on the disability onset date and that he "changed to an individual of advanced age" on November 16, 2014. A.R. at 35. This passing reference to Mr. Jolliemore's transition to a higher age category does not evince meaningful consideration of his borderline case, nor does it reflect a discretionary assessment of the relative appropriateness of the age categories, nor does it provide a basis for judicial review.

The Commissioner argues that there was substantial evidence to support a finding that Mr. Jolliemore's impairments did not warrant application of the "advanced age" category. Doc. No. 20 at 8. Given the ALJ's subject matter expertise and the discretion specifically vested in him to assess this precise question, the Court declines to address the appropriateness of applying

---

[4] The Commissioner relies on prior guidance stating that the ALJ "need not explain his or her use of the claimant's chronological age." HALLEX II-5-3-2 (1993). The Court, however, is not bound by this guidance. In any event, the Commissioner issued new guidance several months prior to the ALJ's decision requiring a reasoned explanation as to the appropriate age category in borderline situations. See HALLEX I-2-2-42 (effective as of March 25, 2016).
[5] It is not necessary that the claimant have raised the issue at the ALJ's hearing. Bowden, 2014 WL 1664961, at *5; Veach, 2014 WL 35362, at *6.

the higher age category to Mr. Jolliemore's claim without first giving the ALJ an opportunity to consider the issue. Accordingly, the Court remands this case for proper consideration of Mr. Jolliemore's borderline age.

V.  **CONCLUSION**

For the reasons set forth in the foregoing discussion, Mr. Jolliemore's motion to reverse (Doc. No. 13) is ALLOWED, the Commissioner's motion to affirm (Doc. No. 20) is DENIED, and this case is REMANDED to the Social Security Administration for further proceedings in light of this memorandum and order.

SO ORDERED.

  /s/ Leo T. Sorokin
United States District Judge